Yintao Yu
3245 Geary Blvd., #591846,
San Francisco, CA 94118
Email: roger@rogeryu.org

*Plaintiff in Pro Per*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**11/17/2022**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

## THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

**CGC-22-603019**

| | |
|---|---|
| YINTAO YU, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | <u>**JURY TRIAL DEMANDED**</u> |
| vs. | |
| BYTEDANCE, INC, and DOES 1 through 20, inclusive, | |
| Defendants. | |

1      Plaintiff YINTAO YU complains and alleges as follows:

2                     **NATURE OF THE CASE**

3      1.     This case arises out of Plaintiff Yintao "Roger" Yu's termination of employment

4 from Defendant BYTEDANCE, INC., after he had engaged in legally-protected whistleblowing

5 activity, opposed disability discrimination, and shortly after his return from protected medical

6 leave.

7                          **PARTIES**

8      2.     Plaintiff Yu was an employee of Defendant ByteDance, Inc. from approximately

9 August 2017 until his termination in November 2018.  He is a resident of California.

10      3.     Upon information and belief, Defendant ByteDance, Inc., is a Delaware

11 corporation, whose primary place of business is San Francisco County, California.

12      4.     The true names and capacities of Defendants named herein as Does 1 through 20,

13 whether individual, corporate, associate or otherwise, and the true involvement of Defendants

14 sued herein as Does 1 through 20, are unknown to Plaintiff who therefore sues said Defendants

15 by such fictitious names.  Plaintiff will amend this Complaint to show the true names, capacities,

16 and involvement of Does 1 through 20 when ascertained.  Plaintiff is informed and believes and

17 thereon alleges that each of the Defendants designated as a "Doe" is responsible in some manner

18 for the events and happenings referred to herein, and that Plaintiff's injuries and damages as

19 hereinafter set forth were proximately caused by said Defendants.

20      5.     Plaintiff is informed and believes and thereon alleges that each of the Defendants

21 sued herein is or was the agent, employee, partner and/or representative of one or more of the

22 remaining Defendants, and each of them was at all times acting within the purpose and scope of

23 such agency and employment.  Plaintiff is further informed and believes that each of the

24 Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the

25 remaining Defendants.

26                 **JURISDICTION AND VENUE**

27      6.     Venue is proper in this judicial district pursuant to California Code of Civil

28 Procedure § 395(a) and California Government Code § 12965.  Defendant ByteDance, Inc. is

COMPLAINT FOR DAMAGES AND JURY DEMAND

registered for business tax certificate with the Office of the Treasurer and Tax Collector, City and County of San Francisco. Defendant ByteDance, Inc. resides in and transacts business in the County of San Francisco, and is within the jurisdiction of this Court for the purposes of service of process.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.  Plaintiff Yu was hired by Defendant ByteDance, Inc. ("ByteDance" or "Defendant") on or around June 7, 2017, and began working in August 2017. In addition to his base salary and the option to purchase 220,000 shares of ByteDance stock, Mr. Yu's employment agreement also entitled him to $600,000, to be "paid within 30 days since the offer was signed," for the IP from his company Tank Exchange.

8.  Within the first 30 days of receiving the offer letter, Mr. Yu spoke with ByteDance's hiring manager and in-house counsel. They told Mr. Yu that ByteDance had concerns about paying him the $600,000 purchase price for Tank Exchange's intellectual property without assurances that he would remain with ByteDance for the long term. ByteDance's representatives encouraged him to sign a multi-year term employment agreement to ensure his continued employment at ByteDance. Ultimately, the parties agreed upon a 2-year term agreement that was binding on both parties and which superseded the "at will" provision contained in his earlier agreement. On a visit to Beijing, Mr. Yu signed the employment contract. ByteDance's representatives told him that he would receive a copy of this agreement, but it was never shared with him. Under the terms of the supplemental employment agreement, the employment relationship was set to last until August 2019, unless Mr. Yu was terminated "for cause."

9.  Shortly after beginning his employment, Mr. Yu became aware that ByteDance had for years engaged in a worldwide scheme to steal and profit from the copyrighted works of others. The effort involved the use of software to strip copyrighted material from competitor's websites — chiefly, Instagram and Snapchat — and populate its own video services with these videos in an effort to make its own services appear more popular to end users. These actions

1   were taken without the permission of the content creators and represented an unlawful effort to

2   gain an edge against entrenched online video hosting websites.

3          10.    Upon learning of this program, Mr. Yu was troubled by ByteDance's efforts to

4   skirt legal and ethical lines, not to mention the tremendous class action liability that copyright

5   theft of this magnitude could create for the company.  It was his understanding that stripping

6   copyrighted material from competitors' websites without the creator's permission violated the

7   Digital Millennium Copyright Act and other laws protecting copyrighted works.  Mr. Yu raised

8   these concerns with Wenjia Zhu, formerly Senior VP of Engineering and current Global TikTok

9   R&D Chief at ByteDance, numerous times, as early as October 2017 and again in February and

10  March 2018.  Mr. Zhu reports directly to ByteDance's CEO Yiming Zhang.  When informed of

11  Mr. Yu's concerns with the program, Mr. Zhu was dismissive of them, and the copyright

12  infringement continued unabated.

13         11.    In addition, on or around December 2017, Mr. Yu learned of efforts to terminate a

14  U.S. based employee, Witness A,[1] who suffered from depression.  Witness A, who was

15  demonstrably strong performance, had recently requested time off to address her medical

16  condition.  Although Witness A's direct manager, Peiyu "Peggie" Li, was satisfied with her

17  performance and had recently given Witness A a score of "Meets Expectation" on her latest

18  performance review, her skip level manager, Ying Zhi, was not as accommodating.  Without Ms.

19  Li's knowledge, Ms. Zhi had Witness A's performance score lowered to "Improvement Needed,"

20  and had informed HR to fire Witness A upon the formal release of the ratings.  Upon learning of

21  this change, Mr. Yu confronted Ms. Zhi, who admitted that she had made the change because she

22  did not like Witness A taking time off work to address her depression and that she viewed her as

23  a "burden" she "wanted to get rid of."  Ms. Zhi told him that due to Witness A's medical

24  condition, her "cost of management was too high."  It is Mr. Yu's understanding that terminating

25  Witness A if she received a rating of "meets expectations" or above would violate ByteDance

26

27         [1] Plaintiff is not disclosing Witness A's name at this time to protect the privacy of the
    witness.  Plaintiff will provide Witness A's name to ByteDance in the course of discovery and
28  under a protective order.

1  policy, which is why Ms. Zhi had intervened to lower her score.  Mr. Yu was shocked by Ms.

2  Zhi's admission and requested that she reconsider.  However, Ms. Zhi responded that she "won't

3  even consider keeping [Witness A].  Her cost of management is way too high."  Following this

4  conversation, Mr. Yu complained to Wei "Ronnie" Hua, ByteDance's Head of HR, about the

5  legality of Ms. Zhi's actions.

6      12.     Ultimately, following Mr. Yu's reporting of the incident to HR, the company

7  decided not to terminate Witness A.  However, Ms. Zhi's manager, Nan Zhang, was unhappy

8  with Mr. Yu's decision to intercede on Witness A's behalf, particularly given the fact he did not

9  even work in her department.  Mr. Yu was later informed that several of Ms. Zhang's direct

10  reports viewed his actions as a challenge to Ms. Zhang's leadership and authority.  Ms. Zhang

11  later became the general manager of ByteDance's entire video-"IES" division — the department

12  in which Mr. Yu worked — and was in a position to retaliate against Mr. Yu for his actions.

13      13.     On or around March 2018, in consultation with his doctor, Mr. Yu was required to

14  take his own medical leave for approximately seven months.  On July 18, 2018, Mr. Yu mailed

15  three letters to various supervisors at ByteDance notifying them that, upon consultation with his

16  doctor, he expected to be able to return to work on September 11, 2018.  ByteDance claims to

17  have mailed Mr. Yu a notice of termination on July 26, 2018, purportedly due to a reduction in

18  force.  ByteDance also claims that on July 27, Bytedance e-mailed Mr. Yu a copy of the

19  termination notice.  Mr. Yu never received any of these notices and ByteDance never called him

20  to notify him of his termination, even though the company acknowledges receiving his requests

21  to return to work.[2]

22      14.     In October 2018, Mr. Yu was finally cleared to return to work by his doctor.

23  However, upon returning to the office for the first time, he was told he did not "need to come to

24  work now" and that the company "will contact you later."  Mr. Yu remained on ByteDance

25  _____

26  [2] Mr. Yu never received either the written or electronic versions of these notices because
the company sent them to old home addresses.  The termination letter was sent to Mr. Yu's
former address in Seattle, even though his paystubs listed his current address in Palo Alto.

27  Similarly, instead of using his current e-mail address, the company sent the termination notice to
old e-mail accounts he no longer used.  There is no record of the company attempting to call

28  Mr. Yu to notify him of his termination.

1  payroll through November 2018 and the first tranche of equity under his stock option award from
2  the company should have vested on August 30, 2017, though ByteDance never vested these
3  shares.  In November 2018, Mr. Yu was terminated.

4  **PROCEDURAL HISTORY**

5     15.    On July 25, 2019, Plaintiff filed a complaint of discrimination with California's
6  Department of Fair Employment and Housing (DFEH), pursuant to the California Fair
7  Employment and Housing Act ("FEHA"), Government Code section 12900 *et seq*.

8     16.    Pursuant to the Emergency Rules Related to COVID-19, Emergency Rule 9(a),
9  the statute of limitations on Plaintiff's claims was tolled an additional 178 days, until January 19,
10 2021.

11    17.    The Parties have entered into a series of Tolling Agreement, whereby the statute
12 of limitations for Plaintiff's claims was tolled through and including November 17, 2022.

13  **LEGAL CLAIMS**

14  **FIRST CAUSE OF ACTION**

15  **(Retaliation in Violation of Labor Code § 1102.5)**

16    18.    Plaintiff re-alleges and incorporates herein by reference each and every allegation
17 of the preceding paragraphs as though fully set forth herein, and alleges as follows:

18    19.    At all times relevant to this Complaint, Defendant has been subject to the
19 requirements of California Labor Code § 1102.5, which applied to Plaintiff as an employee of
20 Defendant.

21    20.    Defendant violated Section 1102.5 by abruptly terminating Plaintiff's employment
22 in retaliation for his reporting and refusals to participate in activity that violated federal and state
23 policy against misappropriating copyrighted material, including the Digital Millennium
24 Copyright Act and other laws protecting copyrighted works.  *See* California Civil Code Sec. 3426
25 *et seq*.  In addition, the confidential and proprietary information, including copyrighted material,
26 that Defendant sought to misappropriate were of significant economic value and Plaintiff refused
27 to participate in any action that could reasonably constitute grand theft.  *See* California Penal
28 Code § 487.

COMPLAINT FOR DAMAGES AND JURY DEMAND

21.     In addition, at all times herein mentioned, FEHA, Gov. Code, § 12940, *et seq.*, was in full force and effect and was fully binding upon Defendant.  Government Code § 12940(a) prohibits an employer from discharging or discriminating against an employee because of a disability or because they are regarded as having a disability.  Defendant violated Section 1102.5 by abruptly terminating Plaintiff's employment due to his taking medical leave and for reporting and objecting to Defendant's discrimination against Witness A on the basis of her medical condition.  Further, Defendant retaliated against Plaintiff for disclosing information that he had reasonable cause to believe constituted a violation of California's FEHA to a person with authority over him, or another employee who had the authority to investigate, discover, or correct the violation or noncompliance.

22.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses, along with attorney's fees and litigation costs.

23.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

24.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Disability Discrimination: Violation of Government Code § 12940(a))

25.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

26.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.*, was in full force and effect and was fully binding upon Defendant.  Cal. Gov't Code § 12940(a) prohibits an employer from discharging an

1 | employee because of a physical or mental disability or because he is regarded as having a
2 | physical or mental disability.

3 |     27.    Plaintiff was a qualified individual with a disability, able to perform the essential
4 | job duties of his position, with reasonable accommodation.  ByteDance's termination of
5 | Plaintiff's employment because of his taking medical leave and need for treatment, violated
6 | Government Code § 12940(a).

7 |     28.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,
8 | Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment
9 | benefits, and has incurred other economic losses.

10 |     29.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,
11 | Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to
12 | Plaintiff's damage in an amount to be proven at the time of trial.

13 |     30.    Defendant committed the acts herein despicably, maliciously, fraudulently, and
14 | oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive
15 | amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.
16 | Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to
17 | proof.

18 | **THIRD CAUSE OF ACTION**

19 | **(Failure to Prevent Discrimination:  Violation of Government Code § 12940(k))**

20 |     31.    Plaintiff re-alleges and incorporates herein by reference each and every allegation
21 | of the preceding paragraphs as though fully set forth herein, and alleges as follows:

22 |     32.    At all times herein mentioned, FEHA, Gov. Code, § 12940, *et seq.*, was in full
23 | force and effect and fully binding upon Defendant.  Plaintiff was a member of a group protected
24 | by that statute in that he was an employee with a known medical condition and/or physical
25 | disability who made a request for a reasonable accommodation to treat his medical condition
26 | and/or disability.

27 |     33.    Defendant violated Government Code § 12940(k) because Defendant failed to
28 | take all reasonable steps necessary to prevent discrimination from occurring.  Among other

COMPLAINT FOR DAMAGES AND JURY DEMAND

1    things, Defendant failed to train and adequately supervise its employees in order to ensure that

2    these employees were not violating FEHA in their treatment of other employees.

3         34.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

4    Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

5    benefits, and has incurred other economic losses.

6         35.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

7    Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to

8    Plaintiff's damage in an amount to be proven at the time of trial.

9         36.    Defendant committed the acts herein despicably, maliciously, fraudulently, and

10   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

11   amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

12   Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to

13   proof.

14   **FOURTH CAUSE OF ACTION**

15   **(Retaliation in Violation of Government Code § 12940(h))**

16        37.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

17   of the preceding paragraphs as though fully set forth herein, and alleges as follows:

18        38.    Government Code section 12940(h) makes it an unlawful employment practice for

19   an employer to discriminate against any person because the person has opposed any practices

20   forbidden under the FEHA, including discrimination on the basis of a disability.

21        39.    Plaintiff opposed and protested ByteDance's discrimination against Witness A and

22   attempts to eliminate her position.  He made these complaints to HR and Witness A's managers.

23        40.    In response to his complaints, ByteDance terminated his employment.

24        41.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

25   Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

26   benefits, and has incurred other economic losses.

27        42.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

28   Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to

1  Plaintiff's damage in an amount to be proven at the time of trial.

2       43.    Defendant committed the acts herein despicably, maliciously, fraudulently, and

3  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

4  amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

5  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to

6  proof.

7                     **FIFTH CAUSE OF ACTION**

8       **(Interference with CFRA Rights:  Violation of Government Code § 12945.2(t))**

9       44.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

10  of the preceding paragraphs as though fully set forth herein, and alleges as follows:

11       45.    Defendant was subject to the provisions of the CFRA because Defendant

12  employed at least 50 part-time or full-time employees.  Plaintiff was entitled to the benefits of the

13  CFRA because he worked more than twelve months for Defendant and had at least 1250 hours of

14  service in the year preceding his CFRA leave.  Defendant employed at least 50 employees within

15  75 miles of San Francisco during the relevant time period.

16       46.    The CFRA requires an employer to grant leave to an employee to care for the

17  employee's own serious health condition.  The CFRA also requires the employer to reinstate the

18  employee to the same or a comparable job upon completion of the leave.

19       47.    Defendant violated Government Code § 12945.2(t) by failing to reinstate the

20  employee to the same or a comparable job upon completion of the leave.

21       48.    Defendant further violated Section 12945.2(t) by terminating Plaintiff following

22  his return from medical leave.

23       49.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

24  Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

25  benefits and has incurred other economic losses.

26       50.    As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

27  Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to

28  Plaintiff's damage in an amount to be proven at the time of trial.

51.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION

### (Retaliation in violation of the CFRA:  Violation of Government Code § 12945.2(l))

52.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

53.     The CFRA requires employers to grant leave to employees to care for the employee's own serious health condition.  The CFRA also requires the employer to reinstate the employee to the same or a comparable job upon completion of the leave.

54.     Defendant violated Government Code § 12945.2(l) by failing to reinstate Plaintiff to the same or a comparable job upon completion of the leave.

55.     Defendant violated Government Code § 12945.2(l) by terminating Plaintiff following his return from medical leave.

56.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

57.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, anxiety, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

58.     Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**(Interference with FMLA Rights:  Violation of 29 U.S.C. § 2615(a)(1))**

59.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

60.     Defendant was subject to the FMLA because it employed at least 50 part-time or full-time employees.  Defendant employed at least 50 employees within 75 miles of San Francisco during the relevant time period.

61.     Plaintiff was entitled to the benefits of FMLA because he worked more than twelve months for Defendant and had at least 1250 hours of service in the year preceding his FMLA leave.

62.     The FMLA requires an employer to grant leave to an employee to care for the employee's own serious health condition.  Defendant violated 29 U.S.C. § 2615(a)(1) by terminating Plaintiff following his return from medical leave.  Plaintiff's taking of FMLA-protected leave constituted a negative factor in the decision to terminate him.

63.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

64.     Plaintiff is entitled to liquidated damages pursuant to 29 U.S. Code § 2617(a)(1)(A).

**EIGHTH CAUSE OF ACTION**

**(Breach of Contract)**

65.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

66.     On or around September 30, 2017, Plaintiff and Defendant entered into a written stock incentive plan, whereby Plaintiff was awarded 220,000 shares in Defendant vesting over a four-year period.  Shortly thereafter, the Parties signed a 2-year term supplemental employment agreement in order to ensure Plaintiff's continued employment at Defendant.  The supplemental employment agreement lasted until August 2019, unless Mr. Yu was terminated "for cause."

67. Plaintiff completed all conditions necessary to satisfy his obligations under his operative employment agreement by continuing to work for Defendant until he was terminated without cause.

68. The first and second tranches of options under the incentive plan were set to vest on August 30, 2017 and 2018, respectively, though ByteDance never vested these shares. Defendant breached the contract by failing to award Plaintiff the options owed to him under the incentive plan.

69. Accordingly, Plaintiff is entitled to the compensation owed under the incentive plan, including the shares already vested at the time of his termination.

## NINTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

70. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

71. Plaintiff's employment agreement and stock incentive plan contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the actual benefits of those contracts.

72. Plaintiff performed all of the duties and obligations required of him by Defendant during his employment, including those duties and obligations that would entitle Plaintiff to receive the compensation described in the employment agreement and stock incentive plan.

73. Defendant breached the implied covenant when it took actions to prevent Plaintiff from earning their full compensation owed under these agreements.

74. Defendant's termination of Plaintiff was done in bad faith.

75. As a result of Defendant's bad faith and unfair dealing in performing the terms of the employment agreement and stock incentive plan, Defendant is liable for breaching the covenant of good faith and fair dealing inherent in those agreements.

76. Accordingly, Plaintiff is entitled to the compensation owed under the employment agreement and stock incentive plan, included continued stock option vesting for the term of the

agreements, and the compensation he lost because Defendant unlawfully terminated these contracts.

## TENTH CAUSE OF ACTION

### (Wrongful Termination In Violation Of Public Policy)

77.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

78.     Plaintiff's employment was terminated by Defendant in violation of fundamental public policies of the State of California, including without limitation, the right to refrain from participating in unlawful conduct (or conduct reasonably believed to be unlawful).

79.     The conduct detailed herein was wrongful and in violation of fundamental public policies of the State of California as reflected in laws that include, without limitation, the California Labor Code, state and federal copyright laws, California Business & Professions Code § 17200, and the California Penal Code.

80.     Defendant's actions were willful and malicious and were committed with the wrongful intent to injure Plaintiff and in reckless disregard of Plaintiff's rights.

81.     As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages that include his unvested stock options, loss of salary, bonuses, and other losses along with attorney's fees and litigation costs.

## ELEVENTH CAUSE OF ACTION

### (Unfair Business Practices – Business & Professions Code Section 17200)

82.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein, and alleges as follows:

83.     California Business & Professions Code § 17200 prohibits any unlawful, unfair *or* fraudulent business practices.  By promising Plaintiff valuable equity and then firing him for an unlawful reason and taking back his unvested options, Defendant has engaged in unlawful, unfair, and fraudulent business practices.  Plaintiff is entitled to restitution of the ByteDance stock options that rightfully belong to him but which Defendant has deprived him of possessing.

COMPLAINT FOR DAMAGES AND JURY DEMAND

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Yu prays for judgment against ByteDance as follows:

1.     For compensatory damages, including but not limited to, lost back pay (including, but not limited to, salary and bonus wages), equity, and fringe benefits and future lost earnings, equity, and fringe benefits, emotional distress, and legal interest, according to proof as allowed by law;

2.     Liquidated damages as allowed by law;

3.     For injunctive relief, including reinstatement and a prohibition on further discrimination or retaliation;

4.     For punitive damages as allowed by law;

5.     For an award to Plaintiff of costs of suit incurred herein and reasonable attorney's fees;

6.     For prejudgment interest and post-judgment interest as allowed by law;

7.     For an injunction to prevent future violations of Government Code § 12940; and,

8.     For an award of such other and further relief as the Court deems just and proper.

DATED:  November 17, 2022          Respectfully submitted,

By: *Yintao Yu*
      Yintao Yu (Nov 17, 2022 14:55 PST)

          YINTAO YU
          *Plaintiff in Pro Per*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of each and every cause of action so triable.

DATED:  November 17, 2022                    Respectfully submitted,

By:  _Yintao Yu_
     Yintao Yu (Nov 17, 2022 14:55 PST)
     _____
     YINTAO YU
     *Plaintiff in Pro Per*

COMPLAINT FOR DAMAGES AND JURY DEMAND